UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

LUIS MARTINEZ,

                                         Plaintiff,      **AMENDED COMPLAINT**

         -against-                             23 Civ. 10545 (MKV)

THE CITY OF NEW YORK, P.O. ISMET SABOVIC,    **JURY TRIAL DEMANDED**
P.O. JONATHAN MARTINEZ, P.O. PARIS GIDDINS,
and P.O.s JOHN and JANE DOE #1-10, individually and
in their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                       Defendants.

---------------------------------------------------------------------X

      Plaintiff LUIS MARTINEZ, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims, as well as supplemental claims pursuant to 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801 *et seq*.

**JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff LUIS MARTINEZ is a Latino, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. ISMET SABOVIC, P.O. JONATHAN MARTINEZ, P.O. PARIS GIDDINS, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. In the early morning hours of January 11, 2023, plaintiff LUIS MARTINEZ was lawfully present in the vicinity of Dyckman Street and Nagle Avenue, in the County, City, and State of New York.

14. At aforesaid time and place, plaintiff LUIS MARTINEZ was standing near members of the New York City Police Department.

15. After a very brief discussion, defendants P.O. ISMET SABOVIC and P.O. JONATHAN MARTINEZ, with no provocation or justification, violently threw plaintiff LUIS MARTINEZ to the ground.

16. As a result of this brutal assault, plaintiff LUIS MARTINEZ sustained injuries to, *inter alia*, his foot, leg, wrist, arm, and back.

17. Defendant P.O. PARIS GIDDINS placed plaintiff LUIS MARTINEZ under arrest for disorderly conduct despite defendant's knowledge that he lacked probable cause to do so.

18. Defendants transported plaintiff LUIS MARTINEZ to the 34th Precinct of the New York City Police Department in Manhattan, New York.

19. Plaintiff LUIS MARTINEZ was held and detained in custody for several hours before being released with a Desk Appearance Ticket (Summons # 4451917602).

20. On January 20, 2023, plaintiff LUIS MARTINEZ was advised by letter that defendants had failed to file a legally acceptable accusatory instrument with the court.

21. As a result of the foregoing, plaintiff LUIS MARTINEZ sustained, *inter alia*, physical injuries, loss of liberty, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff LUIS MARTINEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     As a result of the aforesaid conduct by defendants, plaintiff LUIS MARTINEZ was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

30.     As a result of the foregoing, plaintiff LUIS MARTINEZ's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §  1983

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff LUIS MARTINEZ's constitutional rights.

33.     As a result of the aforementioned conduct of defendants, plaintiff LUIS MARTINEZ was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Each and every individual defendant had an affirmative duty to intervene on

plaintiff LUIS MARTINEZ's behalf to prevent the violation of his constitutional rights.

36. The individual defendants failed to intervene on plaintiff LUIS MARTINEZ's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

37. As a result of the aforementioned conduct of the individual defendants, plaintiff LUIS MARTINEZ's constitutional rights were violated.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants assaulted, arrested, and incarcerated, plaintiff LUIS MARTINEZ in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said assault, arrest, and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, arresting and/or assaulting individuals who appear to be questioning police authority, and arresting

individuals who have been subjected to excessive force, in an effort to cover up what occurred.

43. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as substantiated by the Civilian Complaint Review Board, including:

- In response to a man challenging an officer's authority, the officer refused to give his name, drew his weapon, and unlawfully issued a summons for disorderly conduct;

- In response to a man questioning a detective, the detective struck the man in the head with his weapon and unlawfully issued a summons for disorderly conduct;

- An officer arrested a man who had accidentally bumped into him, and unlawfully issued a summons for disorderly conduct.

44. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the acquittal on October 9, 2015, after only 45 minutes of deliberations, of Thabo Sefolosha, who had been beaten and charged with obstructing governmental administration, disorderly conduct and resisting arrest after he called a police officer "a midget."

45. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the May 2, 2020 incident in which NYPD officer Francisco Garcia punched Donni Wright repeatedly and arrested him because Wright was watching an NYPD social distancing arrest.

46. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the statement by a senior NYPD official in a September 28, 2014 New York Times article that NYPD tracks charges of resisting arrest as a way of identifying officers who may use excessive force.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff LUIS MARTINEZ.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LUIS MARTINEZ as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff LUIS MARTINEZ as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LUIS MARTINEZ was assaulted, falsely arrested, and incarcerated.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff LUIS MARTINEZ.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff LUIS MARTINEZ's constitutional rights.

53. As a result of the aforementioned conduct of the individual defendants, plaintiff LUIS MARTINEZ's constitutional rights were violated and he was subjected to all of the constitutional deprivations described herein.

54. The acts complained of deprived plaintiff LUIS MARTINEZ of his rights:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from excessive force;

D. Not to have summary punishment imposed upon him; and

E.    To receive equal protection under the law.

55.    As a result of the foregoing, plaintiff LUIS MARTINEZ is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

### PENDANT STATE AND CITY CLAIMS

56.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    On or about February 22, 2023, and within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

58.    THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claims as aforesaid.

59.    The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on June 12, 2023.

60.    This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

61.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

62.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## **FALSE ARREST**

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendant police officers detained, arrested, and held in custody plaintiff LUIS MARTINEZ in the absence of probable cause and without a warrant.

65. As a result of the aforesaid conduct by defendants, plaintiff LUIS MARTINEZ was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined by the defendants.

66. The aforesaid actions by the defendants constituted a deprivation of plaintiff LUIS MARTINEZ's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## **FALSE IMPRISONMENT**

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. As a result of the foregoing, plaintiff LUIS MARTINEZ was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and terrorized.

69. Plaintiff LUIS MARTINEZ was conscious of said confinement and did not consent to same.

70. The confinement of plaintiff LUIS MARTINEZ was without probable cause and was not otherwise privileged.

71. As a result of the aforementioned conduct, plaintiff LUIS MARTINEZ has suffered mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants' aforementioned actions placed plaintiff LUIS MARTINEZ in apprehension of imminent harmful and offensive bodily contact.

74. As a result of defendants' conduct, plaintiff LUIS MARTINEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendant police officers touched plaintiff LUIS MARTINEZ in a harmful and offensive manner.

77. Defendant police officers did so without privilege or consent from plaintiff LUIS MARTINEZ.

78. As a result of defendants' conduct, plaintiff LUIS MARTINEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. The aforementioned conduct was extreme and outrageous, and exceeded all

reasonable bounds of decency.

81. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

82. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

83. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff LUIS MARTINEZ.

84. As a result of the aforementioned conduct, plaintiff LUIS MARTINEZ suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

87. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff LUIS MARTINEZ.

88. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

89. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

90. As a result of the aforementioned conduct, plaintiff LUIS MARTINEZ suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock,

fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the detention, arrest, and imprisonment of plaintiff LUIS MARTINEZ.

93. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the detention, arrest, and imprisonment of plaintiff LUIS MARTINEZ.

### NINTH CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS UNDER N.Y.C. ADMIN. CODE § 8-801

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. The acts of defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

98. The acts and omissions of defendant officers, as detailed in the foregoing

paragraphs, caused plaintiff LUIS MARTINEZ to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801, *et seq.*, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

99. By reason of the acts and omissions of defendant officers, as detailed in the foregoing paragraphs, plaintiff LUIS MARTINEZ has endured loss of liberty and physical and emotional injuries and was otherwise damaged and injured.

100. Defendant officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801, *et seq.*, in that they are employees of the New York City Police Department.

101. The City of New York, as the employer of the covered individual defendant officers, is liable to plaintiff LUIS MARTINEZ for the wrongdoing of the covered individual defendant officers.

102. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff LUIS MARTINEZ demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
          April 15, 2024

                                                    _____/s_____
                                                    ROSE M. WEBER (RW 0515)
                                                    199 Main Street, Suite 801
                                                    White Plains, NY 10601
                                                    (917) 415-5363